George E. MARSHALL *v.* Charles R. SINGLETON,
Director, Alcoholic Beverage Control and
The STATE of Arkansas

84-6                                         666 S.W.2d 399

Supreme Court of Arkansas
Opinion delivered April 2, 1984

*Gibson Law Firm,* by: *John F. Gibson, Jr.,* for appellant.

*Donald R. Bennett,* for appellee.

P. A. HOLLINGSWORTH, Justice. On March 25, 1983, the appellant, George E. Marshall, filed an application for a retail liquor permit in Drew County. Act 812 of 1983 imposing a quota system on liquor permits had been passed by the legislature and submitted to the Governor for his approval. Marshall was advised that if the Bill was signed, with the emergency clause, on March 25, 1983, then his application would be returned to him. The Governor signed the Act on March 25, and the application was subsequently returned to the appellant. Marshall then filed a petition for declaratory judgment with the Pulaski County Chancery Court, attacking the validity of the emergency clause for violating Amendment 7 to the Arkansas Constitution. The trial court denied the Appellant's petition, and this appeal was filed. Jurisdiction is in this Court under Rule 29 (1) (c).

The chancellor found that the emergency clause states sufficient grounds for an emergency and that a retail liquor permit is not within the meaning of Amendment 7 to the Arkansas Constitution which prohibits adoption of emergency clauses dealing with privileges.

We reverse.

Amendment 7 to the Constitution of Arkansas reserves to the voters the power to reject any act of the General Assembly. In order to make this power viable, the amend-

ment provides that an act is not effective until ninety days after adjournment unless immediate operation of the act is essential to preservation of the public peace, health and safety. Amendment 7 further states: "Provided, however, that an emergency shall not be declared on any franchise or special privilege or act creating any vested right or interest or alienating any property of the State."

We omit from consideration the words "vested right" or "interest" since a liquor license can be revoked at any time. *Matthews* v. *Bailey*, 198 Ark. 830, 131 S.W.2d 425 (1939). Furthermore, the Act does not alienate any property of the State of Arkansas. The issue before us then is to determine whether a liquor permit in a "franchise" or "special privilege." We have previously stated that a license to sell liquor is a privilege. *Blum* v. *Ford, Comm'r of Revenues*, 194 Ark. 393, 107 S.W.2d 340 (1937).

Black's Law Dictionary (4th edition) defines "franchise" as "a privilege or immunity of a public nature, which cannot be legally exercised without legislative grant;" and "special privilege" as "a right, power, franchise, immunity, or privilege granted to, or vested in, a person or class of persons, to the exclusion of others, and in derogation of common right."

Act 812 of 1983 expands Ark. Stat. Ann. § 48-301 (Repl. 1977) by further restricting the issuance of liquor permits. Under the Act, the number of permits in any county or political subdivision may not exceed a ratio of one permit for every 2500 population residing in that county or subdivision. Drew County, where the appellant applied for a permit, already has the maximum number of permits for a county of that size. The effect of the Act, therefore, is to establish a special privilege for people residing in the more populous counties, to the exclusion of others. Therefore, we hold that because a special privilege is created, the emergency clause appended to the Act is unconstitutional. We therefore reverse and instruct the chancellor to grant the appellant's petition for a declaratory judgment. Our holding makes it unnecessary to reach the appellant's

second argument which concerns the actual content of the emergency clause.

Reversed.